IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| DEONSHAE L. FRANKLIN,  #1045155 § | |
| § | |
| V. § | CIVIL ACTION NO. G-06-565 |
| § | |
| NATHANIEL QUARTERMAN, Director § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division § | |

**REPORT AND RECOMMENDATION**

Before the Court is the application of Deonshae Franklin for the issuance of a writ of habeas corpus. Franklin challenges Disciplinary Case No. 20060163414, in which he was found guilty of possessing marijuana. Punishment consisted of a loss of forty-five days recreation privileges, thirty days loss of commissary privileges, a reprimand, a reduction in time-earning class status from S-3 to L-1 and a loss of thirty days good-time. Having reviewed Franklin's Petition and a complete copy of the disciplinary record provided by the Texas Attorney General's Office via a *Martinez* report, this Court makes the following recommendation to the District Judge.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. §2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In this case,  Petitioner alleges that his rights to due process were violated in the above-stated disciplinary proceeding.

In the offense report, the charging officer states that he smelled marijuana and ordered Petitioner to remove his jacket.  Petitioner then ran to the toilet and began to remove several small packages from his jacket and flush them down the toilet; however, a small amount of a green, leafy substance that was rolled in paper fell to the floor.  The substance was turned over to Officer Becerra in Operational Review, and testing confirmed that it was marijuana.  Petitioner initially refused to

make a statement but later stated that the substance was not his, and complains that he was never tested for marijuana. He also objects that the substance was not presented at the disciplinary hearing.

Petitioner exhausted the disciplinary appeal process. The responses to his appeals state that he was afforded the opportunity to present non-frivolous evidence to rebut the charge at the hearing and failed to do so. They also state that "the officer's report is clear regarding the incident and sufficient documentary evidence supports the finding of guilt."

A temporary loss of privileges and brief confinement in solitary or cell restriction do not pose atypical or significant hardships beyond the ordinary incidents of prison life. These are merely minimal and temporary changes in conditions of confinement and do not, therefore, implicate the protections afforded by the Due Process Clause. *See Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997). A claim for a reduction in time-earning class status also fails to qualify for federal habeas relief as the subsequent possible loss of "the mere opportunity to earn good-time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott,* 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). The possibility that the reduction in Petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472 (1995)). "These are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison*, 104 F.3d at 767-68. A loss of good-time days, however, which may be used to determine a prisoner's eligibility for early release from prison, does constitute a potential challenge to the fact and duration of confinement and is properly considered a habeas corpus attack. *See* TEX.CODE. CRIM.P.ANN.art. 42.18 §8 (Vernon 1996); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept*. 37 F.3d 166, 168 (5th Cir. 1994). In this case,

however, a review of Petitioner's disciplinary records reveals that all due process requirements were completely met.

It is a well-settled principle of law that prison disciplinary proceedings do not form part of a criminal prosecution and, therefore, "the full panoply of rights due a defendant in such proceedings" does not apply. *Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). In *Wolff,* the Supreme Court set out the minimum standards for due process in disciplinary cases which result in the loss of good-time credits. They include: (1) advanced written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and, (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.,* at 563-567.

When reviewing a prison disciplinary decision, "the standard to be applied is whether or not the actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981), *cert. denied*, 455 U.S. 992 (1982)(citing *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir. 1979)). "The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). "[T]he requirements of due process are satisfied if some evidence supports the decision of the prison disciplinary board to revoke good time credits." *Superintendent v. Hill,* 472 U.S. 445, 455 (1985). As noted by the Supreme Court, ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. In other words, if there are "some facts" or is "any evidence at all" that support(s) the action taken by prison officials, the decision must be upheld on federal habeas review. *See Banuelos*, 41 F.3d at 234; *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). As noted by the Fifth Circuit in *Reeves v. Pettcox*, 19

F.3d 1060, 1062, n.1 (1994), the court may act only where arbitrary or capricious action is shown. This means that prison disciplinary proceedings will be overturned only where there is *no evidence, whatsoever*, to support the decision of the prison officials. A *de novo* factual review is not required. *Smith,* 659 F.2d at 545; *Stewart v. Thigpen*, 730 F.2d 1002, 1005-06 (5th Cir. 1984).

Per the requirements of *Wolff*, Petitioner received more than twenty-four hours notice of his hearing, was provided with an opportunity to call witnesses and present non-frivolous evidence, and was provided with a written statement of the evidence relied upon and the reason for the disciplinary action. The disciplinary hearing officer based his finding of guilt on the charging officer's report and lab results confirming that the substance retrieved from the floor was marijuana. Due process was satisfied in that the findings made in the disciplinary hearing were supported by more than "some evidence." *Hill*, 472 U.S. at 457. The Supreme Court has recognized that "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* In this instance, the conclusion of the disciplinary committee is supported by the evidence.

Official TDCJ-ID records are entitled to a presumption of regularity and must be accorded great evidentiary weight. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974), *cert. denied*, 421 U.S. 918 (1975); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985); *Bonrillain v. Blackburn,* 780 F.2d 1248, 1250 (5th Cir. 1986). Under 28 U.S.C. §2254(d), the findings made by the state court system shall be "presumed to be correct" unless the habeas court concludes that the relevant state court determination is not "fairly supported by the record." *Sumner v. Mata*, 449 U.S. 539, 550 (1981). The findings may be found through an evidentiary hearing, or may be based on a "written finding, written opinion, or other reliable and adequate written indicia," *Buxton v. Lynaugh*, 879 F.2d 140 (5th Cir. 1989), *cert. denied,* 497 U.S. 1032 (1990), where, as in the instant case, the habeas applicant and the State or its agent are parties to the proceeding.

4

Presuming the factual correctness of the record, this Court is of the opinion that the disciplinary proceeding afforded Petitioner the due process to which he was entitled, consistent with the requirements of due process in the prison context. *See Wolf*, 418 U.S. at 563-66; *Banuelos*, 41 F.3d at 234. The finding of guilt is supported by the evidence in the record; thus, the Court must uphold the administrative decision.

Accordingly, for the aforementioned reasons, it is the **RECOMMENDATION** of this Court that this cause be **DISMISSED with prejudice**.

The Clerk shall send a copy of this Report and Recommendation to the Petitioner, who shall have until **December 18, 2006,** in which to have written objections physically on file in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 7753 at P.O. Drawer 2300. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ____29th____ day of November, 2006.

John R. Froeschner
United States Magistrate Judge